Alexander Del Giorno, J.
This is a motion for an order “ correcting an arithmetical mistake in the findings of fact and the judgment. ’ ’
The findings were signed on September 5, 1964 and filed on September 8, 1964. Judgment was entered October 14, 1964.
The State filed notice of appeal on October 20, 1964; claimant filed cross appeal on November 13,1964.
The notice of motion is dated September 22, 1965 and was returnable October 5, 1965. On that day, at the request of the State, and with no opposition, the motion was adjourned to October 19, 1965, and on that day, by consent, was again adjourned to October 26, 1965.
Up to the time of the first adjourned date, i.e., October 19, the argument on appeal had not been heard. However, between the time of the said date of October 19, 1965 and the second adjourned date of October 26, 1965, the argument on appeal was heard on October 21,1965.
The State contends that this court has no jurisdiction to grant relief sought by the motion, by virtue of CPLR 4405 which provides as follows: “ 4405. Time and judge before whom post-trial motion made. A motion under this article shall be made before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury. The court shall have no power to grant relief after argument or submission of an appeal from the final judgment. ’ ’
The claimants, in furtherance of the motion, contend that since this is a motion merely to correct an arithmetical error, is not a motion made pursuant to article 44 and therefore CPLR *94 4405, based on article 44, is inapplicable, and the motion should be granted.
Article 44 of the CPLB. has reference to trial and postrial motions. CPLB 4404 of article 44 deals directly with postrial motions. 1 ‘ 4404. Post-trial motion for judgment and new trial, (a) Motion after trial where jury required * * *. (b) Motion after trial where jury not required ”.
Subdivision (b) of CPLB 4404 is the subdivision directly affecting this motion, since the claim was tried without jury. It reads: “ After a trial not triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside its decision or any judgment entered thereon. It may make new findings of fact or conclusions of law, with or without taking additional testimony, render a new decision and direct entry of judgment ’
It is plain that had there been no intervening submission or argument on the appeal herein, this motion would lie. The argument on appeal, however, was heard before the adjourned date for the hearing of the motion, and in our opinion CPLB 4405 comes into play and pre-empts the right of the claimants to make the motion pursuant to CPLB 4404.
Cenorally, in motions for late filing, our court has held uniformly that the original return date of the motion is to be considered as the basis of deciding whether the application is timely. In such event the court may invoke its inherent powers of equity and discretion.
In appeals such as this, however, we do not think that the original return date is determinative. If the appeal is argued, as it was, before the hearing of this motion, then CPLB 4405, which would deprive this court of power to grant relief, comes into effect. It seems to the court that this section is mandatory, irrespective of the original return date of the motion made herein. It does not permit rationalization of the facts once the appeal has been argued.
The point raised herein may very well be raised in the Appellate Division where the matter now rests. As a matter of fact the State has indicated in its opposing affidavit that it has raised this point on appeal, in its own favor by contending that its brief “ rests on the significance of the unrecognized error in other than its arithmetical aspects.”
It is also to be noted that this motion was brought on practically one year after the entry of judgment. It cannot be accepted as a motion timely made. Motion is denied.